UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CHANA GREENWALD, Plaintiff, | : | **MEMORANDUM DECISION AND ORDER** |
| - against - | : | 25-cv-5995 (BMC) |
| COMMISSIONER OF SOCIAL SECURITY, Defendant. | : | |

**COGAN**, District Judge.

1. Plaintiff seeks review of the Commissioner of Social Security's decision that she is not "disabled" for the purpose of receiving disability benefits under Title II of the Social Security Act. The Commissioner's decision was based on a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that plaintiff had major depressive disorder, generalized anxiety disorder, borderline personality disorder ("BPD"), and post-traumatic disorder ("PTSD"). Notwithstanding these severe impairments, the ALJ found plaintiff to be capable of engaging in employment in the unskilled occupations of marker, router, and cleaner. As a result, the ALJ found her not disabled for the purpose of determining eligibility to receive Supplemental Security Income ("SSI") benefits.

2. In this review proceeding, plaintiff raises two potential points of error. First, she argues that the ALJ failed to give controlling or special weight to her treating physicians' opinions and, in fact, rejected their opinions entirely. Second, she argues that the ALJ improperly accorded great weight to the opinions of the Commissioner's consulting examiner,

Dr. Nikkah. She thus concludes that the ALJ's decision was not supported by substantial evidence.

3. The record includes several doctors' assessments of plaintiff. In January 2016, Ashley Dolan, Psy.D., examined plaintiff at the request of the Social Security Administration ("SSA") and found that plaintiff had PTSD but little to no limitation for any work-related functions.

4. In June 2017, Erica Malloy, PMHNP (psychiatric mental health nurse practitioner) completed a mental medical source statement regarding plaintiff. She found plaintiff to be "seriously limited" in work-related functions such as maintaining attention, working with others, making simple decisions, completing a period of work without interruptions from psychological symptoms, performing at a consistent pace without excessive rest, accepting instruction and criticism appropriately, and dealing with normal work stress. To that end, she suggested that such impairments would cause plaintiff to be absent from work about four days per month.

5. In February 2022, Pamela Siller, M.D., who had been treating plaintiff regularly since 2011, completed a functional assessment of plaintiff in which she set forth diagnoses of major depressive disorder and PTSD. She found only "mild" limitations with respect to several work-related functions, but "marked" limitations for responding appropriately to changes in a routine work setting and "extreme" limitations for sustaining attention and concentration.

6. In February 2025, Nitin Toteja, M.D., who had been treating plaintiff since 2011, completed a functional assessment of plaintiff in which he set forth diagnoses of depressive disorder, PTSD, and BPD. He noted "marked" and "extreme" limitations in the same areas as Dr. Siller.

7. Also in February 2025, John Nikkah, Ph.D. examined plaintiff at the request of the SSA. He diagnosed plaintiff with unspecified trauma- and stressor-related disorder as well as unspecified BPD and related disorders, and ruled out mild neurocognitive disorder. He opined that plaintiff had "moderate" limitations in work-related functions such as interacting appropriately with others and responding appropriately to usual work situations and changes in a routine work setting.

8. Ultimately, the ALJ accorded differing levels of weight to each doctor's assessment of plaintiff. As relevant here, he accorded "great weight" to Dr. Nikkah's assessment and "only some weight" to the assessments of Drs. Siller and Toteja (plaintiff's treating physicians). The ALJ did not acknowledge the "treating physician rule" or explain whether he was applying it in his decision.

9. Plaintiff argues that, under the treating physician rule, the ALJ should have given controlling weight to the assessments made by her treating physicians and less weight to Dr. Nikkah's assessments. Plaintiff is correct that the treating physician rule applies to this 2015 claim. See Smith v. Comm'r of Soc. Sec. Admin., 731 F. App'x 28, 30 n.1 (2d Cir. 2018); White v. Berryhill, No. 17-cv-4524, 2018 WL 4783974, at *4 n.4 (E.D.N.Y. Sept. 30, 2018).[1]

10. However, it is not clear that the ALJ certainly violated the treating physician rule. Although the opinions of a treating physician deserve special respect under the rule, they need not be given controlling weight if they are contradicted by other substantial evidence in the record. See Krull v. Colvin, 669 F. App'x 31, 32 (2d Cir. 2016) ("The opinions of examining physicians are not controlling if they are contradicted by substantial evidence, be that conflicting medical evidence or other evidence in the record").

[1] The treating physician rule was rescinded in 2017. 20 CFR § 416.920c.

11. In addition to the reports from the non-treating doctors, plenty of evidence in the record provides further context regarding plaintiff's condition. For example, plaintiff's ability to care for children and travel abroad paint the picture of an individual who can go through life relatively normally.

12. That being said, functioning at work is different than functioning at home; the former can often give rise to elevated levels of stress and anxiety that the latter does not. The ability to perform non-work activities is not necessarily conclusive evidence against disability. See Nelson v. Bowen, 882 F.2d 45, 48-49 (2d Cir. 1989) (expressing disapproval of ALJ's emphasis on plaintiff's ability to commute to college classes); Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 260 (2d Cir. 1988) ("[A] claimant need not be an invalid to be found disabled[.]").

13. The Court is not convinced that the ALJ applied the treating physician rule here. Although it is possible that the ALJ could have come to the same conclusion had the medical evidence been weighed in accordance with the rule, it is also possible that application of the rule would have changed the ALJ's conclusion.

14. Accordingly, plaintiff's motion for judgment on the pleadings is granted, and the Commissioner's cross-motion is denied. The case is remanded for further proceedings, in which commensurate weight is to be accorded to the opinions of Drs. Siller and Toteja as treating physicians.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 5, 2026